UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: TRACY KROWEL, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | Civil Action No. 17-cv-11385-RWZ |
| TRACY KROWEL, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| SANTO ARCURI, | * | |
| | * | |
| Appellee. | * | |

ORDER

August 16, 2017

TALWANI, D.J.

Pending before this court is Appellant Tracy Krowel's Emergency Motion for Stay Pending Appeal ["Emergency Motion"] [#5]. In the underlying case, the bankruptcy court's Order on Appellee Santo Arcuri's Motion for Relief from the Automatic Stay granted Arcuri relief from the automatic stay provisions in part, allowing him to seek to obtain possession of real property located at 49 Olde Colony Drive, Shrewsbury, Massachusetts (the "Property"). Krowel now seeks an order staying the order granting partial relief from the automatic stay.

The traditional four-part test applicable to preliminary injunctions applies to a district court's entertainment of a motion to stay a bankruptcy order pending appeal. In re Elias, 182 Fed. App'x. 3, *1 (1st Cir. 2006) (citing Acevedo-Garcia v. VeraMonroig, 296 F.3d 13, 16 (1st Cir. 2002)). That four-part test consists of "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive

relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. While the movant must satisfy each of the four factors, most important is whether the movant is likely to succeed on the merits. As the bankruptcy judge concluded, Krowel cannot show a strong likelihood of success on the merits here, where Arcuri has demonstrated a colorable claim that the Property was transferred to him in a judicial sale prior to the filing of the bankruptcy petition.

Krowel argues that the bankruptcy court erroneously relied upon state court rulings that she did not possess a homestead right, and that the question of whether the homestead right applies must be decided under federal law. But Krowel does not dispute that the judicial sale of the property occurred prior to the filing of the bankruptcy petition, and she has not articulated a basis for applying federal law, rather than state law, to the validity of that pre-petition transfer.

Krowel argues further that the bankruptcy court failed to consider whether the Property was property of the bankruptcy estate and whether she had equity in that property. But to the extent that Krowel had equity in the property independent of the homestead right claims, that equity remains protected, as the bankruptcy judge did not lift the stay beyond obtaining possession of the real property, and specifically denied Arcuri relief to enforce or collect monetary damages against the Debtor pursuant to any execution. The housing court docket reflects that careful distinction, allowing execution to issue for possession only, and denying execution as to release of funds until the matter is resolved in bankruptcy court.

For these reasons, the Emergency Motion [#5] is DENIED.

Date: August 16, 2017 /s/ Indira Talwani
United States District Judge